# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>  vs.<br>FELICIANO RUANO YANEZ,<br><br>                      Defendant. | CASE NO. 13cr3515-LAB-1 and 16cv1964-LAB<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** |

After pleading guilty to importation of methamphetamine, Defendant-Petitioner Feliciano Ruano Yanez was sentenced on April 8, 2014 to 138 months' imprisonment. (Docket no. 36.) He brought no direct appeal. On May 25, 2016 he filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to U.S.S.C. Amendment 782. The Court denied that motion without prejudice to its being renewed pursuant to this District's General Order #642. (Docket no. 39.) It was not renewed, however, and that denial is now final.[1]

On August 1, 2016, Ruano Yanez filed a motion pursuant to 28 U.S.C. § 2255. This motion seeks relief under Amendment 794, which amended U.S.S.G. 3B1.2. Specifically he asks that although at sentencing he was denied the benefit of minor role, he be given that

---

[1] Ruano Yanez's § 2255 motion incorrectly says this motion is still pending. (*See* Docket no. 40, at 4, 11.)

benefit retroactively and resentenced. Amendment 794 was issued on November 1, 2015. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). This occurred well after Ruano Yanez's conviction was final.

In general, the court is required to use the guidelines manual in effect on the date a Defendant is sentenced. *See Dorsey v. United States*, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The U.S. Sentencing Commission did not make Amendment 794 retroactive to all cases. *See* U.S.S.G. § 1B1.10(d) (2015). But the Ninth Circuit has held it retroactive on direct review. *Quintero-Leyva*, 823 F.3d at 523.

Although Ruano Yanez cited § 2255, he is not entitled to relief under this statute. He is not arguing that his sentence was illegal when imposed, that it was imposed in violation of U.S. law, or any of the other reasons listed in § 2255(a). Instead, he is arguing that he ought to be given retroactive benefit of a clarifying amendment. This type of claim must be brought as motion under 18 U.S.C. § 3582, not a § 2255 motion. *See Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 claim can be based only on a claim of lack of jurisdiction, constitutional error, an error resulting in " a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure") (quoting *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979)).

Even if Ruano Yanez's motion were properly brought under § 2255, it would be untimely. Such a motion must be brought within one year of certain listed events. *See* § 2255(f). The latest of those events in this case was the date on which his judgment of conviction became final, which was in 2014.

If the Court were to construe this as a § 3582 motion, Ruano Yanez's claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion. *See Quintero-Leyva,* 823 F.3d at 523 (holding that Amendment 794 was a "clarifying amendment"; *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under § 3582).

1 | Ruano Yanez also mentions ineffective assistance of counsel, but provides no facts
2 | and admits he does not know whether he has such a claim. (Docket no. 40 at 11.)
3 | The motion is **DENIED**, and a certificate of appealability is also **DENIED**. *See* 28
4 | U.S.C. § 2253(c)(2).
5 | **IT IS SO ORDERED**.
6 | DATED: August 10, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge